Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff’s suit is alleged in the petition to be founded ¡upon the breach of an implied contract by the United States. 'The defendant pleads in bar, contending that the facts alleged in the ¡petition disclose a lack of jurisdiction to adjudicate the ■controversy. The material facts do not involve a dispute. They ar.e of vital importance because of a right of recovery for the bneaeh of an implied contract by the United States. The facts alleged must be sufficient to warrant the court in implying :an .agreement in fact as distinguished from *388 one in law. Harley v. United States, 198 U. S. 229; Russell v. United States, 182 U. S. 516.
Plaintiff states that in 1907 or thereabouts the United States, through the Post Office Department, published advertisements soliciting proposals from inventors to compete for the invention of a device to improve upon the then-existing and old mail catcher used in connection with moving trains, to make mail deliveries therefrom. The proposal expressly stated that detail specifications as to the constructional elements essential to such a device, as well as the purposes to be-accomplished by its user, must be examined by inventors and were available by applying therefor to the Department.
It is further alleged that plaintiff submitted to the Department in due form a proposal of an invention which he caused to be made of a device in pursuance of the specifications of the Department, and in which the amount of money to be paid for its use, if it was successful, was stated, and by the terms of which the plaintiff expressly agreed that he would refrain from selling or renting the same to any individual or corporation other than the United States.
The next important facts alleged are that plaintiff’s mail catcher and delivering device so submitted to the Department was subjected to the tests exacted by the specifications and that plaintiff was advised by officials of the Department that in December 1915, as the result of a test thereof conducted in the city of Folsom, Pa., the same was found “ successful ”; that at the time of the aforesaid test the plaintiff received an offer from a representative of the Girard Trust Company, of Philadelphia, of $1,500,000 for the assignment to it of plaintiff’s patent rights, and that plaintiff by reason of his commitments under the proposal submitted to the Post Office Department was legally precluded from accepting the same.
The petition concludes with specific allegations that plaintiff stipulated a consideration for the user of the device of one dollar per year and an additional dollar for every railroad station where used during the seventeen-year life of the patent; that letters patent #1227914 were granted the plaintiff in 1917, and that by reason of the agreement to refrain from *389 assigning or renting the patent to others the plaintiff was deprived of this important financial privilege; and, in addition, the United States, by refusal to use the patent, have caused the plaintiff damages to the extent of $24,000,000, the amount being computed on the basis of the offer in the proposal, upon the number of railroad stations receiving and delivering mail from moving trains.
The petition refers frequently to the proposal of the plaintiff in response to the advertisement and the inability of the plaintiff to attach it to the petition. Manifestly this is an important document. It is not alleged that it is in the custody of the Department or lost or destroyed. We will assume, however, that such a proposal as alleged was filed with the Department. We do this because the Department did conduct tests of plaintiff’s device.
The plaintiff does not attach to the petition the advertisement of the Post Office Department nor the specifications which were available and essential to the acceptance of a proposal. The reference thereto entitles the court to have recourse to the same, and the defendant produces them. Otherwise the court of its own motion, under section 164 of the Judicial Code, would have issued a call for the same. A rule of court requires the plaintiff to make the. same part of the petition and attach them thereto, and the court by proper order does attach them to the petition.
The gravamen of plaintiff’s petition resides in a contention that the United States through the Post Office Department refused to accept and pay for a patented device which met the requirements of the advertisement and specifications issued by the same, and thereby not only prevented the plaintiff from realizing profit by an assignment of the patent, but declined to pay the plaintiff the sums due if the device had been used. In other words, the plaintiff implies a contract in fact if his allegations disclose that he conformed to the terms of the advertisement and proposals of the Post Office Department.
The contention of the plaintiff is manifestly untenable. The Post Office Department did not intend the expenditure of any public funds for the purchase of patent rights or *390 patented devices for the catching and delivery of mail from .moving trains, and the specifications submitted to patentees ■of such a device expressly so stated. The course adopted .by the Department was in the interest of patentees and afforded them an expeditious and reliable method of securing from the railroads contracts to use approved patents.
We need not advert to the many acts of Congress giving .to the Post Office Department exclusive and plenary jurisdiction over the transportation of, and the means to be used in transporting, the mails over the railroads. It is sufficient to say that no railroad could obtain or use a device of the .kind here involved until its user was approved by the Department and the scheme publicly proposed to patentees was .adopted toward this end. The Department was under no .legal obligation to supply the facilities to the railroad, and the railroad, on the other hand, must have the assent of the Department to procure them.
Plaintiff did not procure letters patent until 1917, and was not prevented from assigning its patent when the railroads refused to adopt it. There was nothing in the way of plaintiff’s withdrawing his proposal when the alleged .offer of the Girard Trust Company was made. More than the approval of a test was required to constitute a contract. 'The test was a preliminary requisite to the right to obtain a contract from the railroads, and when a patentee failed to secure such a contract liberty to use and sell the patent obtained without incurring any liability under the specifications or proposal.
In addition to what has been said, the suit is barred by limitation. The test was made in 1915. The patent was -obtained in 1917. This petition was filed in 1934, seventeen years after the issue of the patent and nineteen years after the test. The statute of limitations is a jurisdictional question in this court. True, the plaintiff alleges that the claim .accrued in June 1933, but that is a conclusion of the pleader, not the statement of a fact.
The defendant’s plea is sustained and the petition dismissed. It is so ordered. It is further ordered that the *391 advertisement, copy of proposal, and specifications appearing in defendant’s brief on pages 26-38 be made a part of the petition in this case.
Whalev, Judge; Williams, Judge; LittletoN, Judge; and GkeeN, Judge, concur.